IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-00172-F-2

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| ANTOINE DEWAYNE MYLES, | ) |
| | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the following pre-trial motions filed by Defendant Antoine Myles ("Defendant"): (1) Motion for Notice of Intention to Use 404(b) Evidence [DE-389]; (2) Motion for Production of Favorable and Impeaching Evidence [DE-390]; and (3) Motion for Sequestration of United States' Witnesses and Require United States to Designate One Case Agent [DE-391]. The Government filed a response in opposition to Defendant's motions. [DE-417]. Accordingly, the motions are ripe for ruling. For the reasons that follow, Defendant's Motion for Notice of Intention to Use 404(b) Evidence [DE-389] is allowed in part and denied in part, Defendant's Motion for Production of Favorable and Impeaching Evidence [DE-390] is allowed, and Defendant's Motion for Sequestration of United States' Witnesses and Require United States to Designate One Case Agent [DE-391] is allowed in part and denied in part.

## I. STATEMENT OF THE CASE

On May 27, 2015, Defendant was charged in a multi-defendant 39-count indictment with one count of conspiring to manufacture, distribute, dispense and possess with the intent to distribute cocaine and cocaine base (crack), both Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1); one count of knowingly and intentionally possessing with the intent to distribute a

quantity of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); one count of conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1957; five counts of money laundering by concealment and aiding and abetting in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2; two counts of promotion of money laundering in violation of 18 U.S.C. § 1968(a)(1)(A)(i); and one count of money laundering and aiding and abetting in violation of 18 U.S.C. §§ 1957 and 2. [DE-1]. Defendant's arraignment is scheduled for the June 6, 2016 term of court. [DE-412].

## II. DISCUSSION

### A. Motion for Notice of Intention to Use 404(b) Evidence [DE-389]

Defendant requests that the Government advise the Defendant of any evidence it intends to offer at trial pursuant to Rule 404(b) of the Federal Rules of Evidence, and that this notice be given no later than thirty (30) days before trial. [DE-389]. In response, the Government asserts that it is aware of its duty to provide reasonable notice of its intent to offer Rule 404(b) evidence during the trial and will abide by the requirements of Rule 404(b) to provide such notice. Gov't's Resp. [DE-417] at 8.

In a criminal case, Rule 404(b) requires that upon request by the accused, the prosecution must "provide reasonable notice of the general nature of any [Rule 404(b)] evidence" it intends to introduce at trial and "do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2). "The rule does not, however, entitle the defendant to the discovery of the 404(b) evidence itself." *United States v. Ross-Varner*, No. 5:14-CR-00206-F-6, 2015 WL 1612045, at *10 (E.D.N.C. Apr. 9, 2015) (unpublished) (citing *United States v. Graham*, 468 F. Supp. 2d 800, 802 (E.D.N.C. 2006) (noting that Rule 404(b) does not require the government

2

to identify "the tangible evidence upon which [it] may rely to introduce the Rule 404(b) evidence")).

Defendant's request for notice of the general nature of any Rule 404(b) evidence the Government intends to introduce at trial is allowed and this notice shall be provided at least one week (seven days) prior to trial. *See United States v. Renteria*, No. 7:12-CR-37-FA-10, 2014 WL 2616630, at *4 (E.D.N.C. June 12, 2014) (unpublished) ("Even where the charges are serious, providing 404(b) notice one week prior to trial may be sufficient.") (citing *Graham*, 468 F. Supp. 2d at 802; *United States v. Swain*, No. 4:07-CR-62-D, 2008 WL 717720, at *1 (E.D.N.C. Mar. 17, 2008) (unpublished)). Accordingly, Defendant's request for notice of intent to use Rule 404(b) evidence is allowed in part and denied in part.

## B. Motion for Production of Favorable and Impeaching Evidence [DE-390]

Defendant moves for an order requiring the Government to disclose favorable and impeaching evidence, citing the Due Process Clause, U.S. Const. Amend V; *United States v. Giglio*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963); and *Napue v. Illinois*, 360 U.S. 264 (1959). [DE-390]. Specifically, Defendant seeks evidence of the existence of any payments, promises, plea agreements, immunity, leniency, or preferential treatment made to prospective witnesses in this case. *Id.* In response, the Government states that it has provided all discoverable material to Defendant except for *Giglio* material of potential Government witnesses and "[t]he record of discovery production in this case reflects that the Government is aware of its on-going duty to disclose discoverable material pursuant to *Brady* and *Giglio* and an order of the Court is not required to ensure that the Government complies with its obligation." Gov't's Resp. [DE-417] at 8-10.

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, "the government is required to disclose evidence that is both favorable to an accused and material to either guilt or

punishment." *United States v. Newby*, 251 F.R.D. 188, 190 (E.D.N.C. 2008) (internal quotations and citations omitted). This requirement includes the disclosure of evidence that could potentially be used to impeach or discredit a government witness, *Giglio*, 405 U.S. at 154, encompassing all plea agreements and promises of leniency, immunity, or other similar inducements to testify that have been given to witnesses and the criminal records of witnesses, *United States v. Stroop*, 121 F.R.D. 269, 274 (E.D.N.C. 1988). Although a specific mandate on the timing of these disclosures has not been established, the Fourth Circuit has held that there is no violation of a defendant's right to due process so long as the government discloses exculpatory and impeachment evidence to a defendant "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985) (citation omitted).

Defendant's request for favorable and impeaching material is allowed, and to the extent the Government either possesses or discovers favorable or impeaching material that has not already been produced, it must produce such material to Defendant no later than seven days (one week) prior to trial. *See United States v. Mayhew*, No. 5:13-CR-199-F-2, 2014 WL 185881, at *1 (E.D.N.C. Jan. 16, 2014) (unpublished) (ordering disclosure of *Brady* and *Giglio* evidence seven days prior to trial).

### C. Motion for Sequestration of United States' Witnesses and Require United States to Designate One Case Agent [DE-391]

Defendant seeks a court order sequestering all Government witnesses during the trial and requiring the Government to designate one case agent as its representative. [DE-391]. The Government responds that Defendant's motion should be denied in part as to Defendant's request that the Government designate a case agent prior to trial, and requests permission to designate two (2) case agents for trial based on the substantial amount of evidence in this case. Gov't's Resp. [DE-

4

417] at 7-8.

Rule 615 of the Federal Rules of Evidence provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Thus, sequestration of witnesses is mandatory if requested. *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir. 1986). Each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000) (en banc) ("Sequestration requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties.") (quotations and citations omitted). Excepted from sequestration are (1) the parties themselves, (2) the designated representative of an entity, (3) a person whose presence is shown by a party to be essential to the presentation of the case, or (4) a person authorized by statute to be present. Fed. R. Evid. 615(a)-(d). A government investigative agent falls within the second exception, even if the agent is expected to testify; however, only one agent may be exempted from sequestration under this exception. *Farnham*, 791 F.2d at 334 (citing *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983)); *see also United States v. Lovin*, No. 7:06-CR-45-BO-3, 2007 WL 167454, at *2 (E.D.N.C. Jan. 18, 2007) (unpublished) (denying the government's request to exempt from sequestration agents from three different government agencies who jointly conducted the investigation).

Defendant's motion to sequester is allowed with the exception of one case agent designated by the Government. The Government shall designate its case agent at the beginning of the trial. *See United States v. Howard*, No. 5:12-CR-9-D, 2012 WL 2525625, at *3 (E.D.N.C. June 29, 2012) (unpublished) (allowing the defendant's request for sequestration and requiring the government to designate the representative case agent at the beginning of the trial). Accordingly, Defendant's

motion for sequestration [DE-391] is allowed in part and denied in part.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Notice of Intention to Use 404(b) Evidence [DE-389] is ALLOWED IN PART and DENIED IN PART, Defendant's Motion for Production of Favorable and Impeaching Evidence [DE-390] is ALLOWED, and Defendant's Motion for Sequestration of United States' Witnesses and Require United States to Designate One Case Agent [DE-391] is ALLOWED IN PART and DENIED IN PART.

SO ORDERED, this the 7 day of April 2016.

Robert B. Jones, Jr.
United States Magistrate Judge