IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-172-F-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ANTOINE DEWAYNE MYLES, | ) | |
| Defendant. | ) | |

Before the court is Defendant's motion for reconsideration[1] [DE 505] of the court's denial of his motion to suppress intercepted communications, *see United States v. Myles*, No. 5:15-CR-172-F-2, 2016 U.S. Dist. LEXIS 55326 (E.D.N.C. Apr. 25, 2016) and motion to suppress evidence from pen registers and related instruments, *see id.*, 2016 U.S. Dist. LEXIS 55328 (E.D.N.C. Apr. 25, 2016) (collectively, "Original Orders"). Given the Original Orders detail the relevant facts, the court will not repeat the extensive factual background here.

## I. STANDARD OF REVIEW

The Federal Rules of Criminal Procedure do not address whether a party may move for reconsideration of a decided motion, but courts generally assess such a motion using the standards applicable under Federal Rule of Civil Procedure 59(e). *See United States v. Carroll*, No. 7:12-CR-57-F, 2012 U.S. Dist. LEXIS 155440 at *2 (E.D.N.C. Oct. 29, 2012) (collecting cases); *accord United States v. Person*, No. 6:13-CR-290, 2015 U.S. Dist. LEXIS 80255, at *2 n.1 (S.D. W. Va. June 22, 2015) (same). Under those standards, the court may grant a motion to

---

[1] While Defendant is presently represented by counsel, Defendant proceeds *pro se* for purposes of this motion. On May 12, 2016, Defendant moved for appointment of new counsel. [DE 479]. A hearing on that motion is scheduled for June 6, 2016.

reconsider its ruling on a motion to suppress in order to (1) "accommodate an intervening change in controlling law," (2) "account for new evidence not" previously available, or (3) "correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).

## II. DISCUSSION

Here, Defendant does not address Rule 59(e) in his brief. Defendant does not argue that the controlling legal principles have changed since the Court's Original Orders, and nor has he produced evidence that was not previously available. Accordingly, the court considers whether it committed a "clear error of law" in the Original Orders, or if it needs to change the Original Orders to prevent "manifest injustice." *Zinkand*, 478 F.3d at 637. After considering Defendant's arguments, the Court stands by its original decision. Defendant's arguments in his motion for reconsideration are not new. Rather, they are a rehash of the arguments the court considered and rejected in Defendant's motions to suppress. Accordingly, none of Defendant's arguments warrants revisiting the court's Original Orders.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Reconsider [DE 505] is DENIED.

SO ORDERED.

This the 3rd day of June, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge