IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-172-2BO

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| ANTOINE DEWAYNE MYLES | ) | |

This matter is before the Court on defendant's motion in limine which objects to non-testifying codefendants' statements to law enforcement. [DE 392]. For the reasons discussed below, defendant's motion is denied.

## BACKGROUND

This case arises from a joint investigation by the Sheriff's Office in Cumberland County, North Carolina ("CCSO"), the CCSO Special Response Team, the Cumberland County Bureau of Narcotics ("CCBN:) and the Drug Enforcement Administration ("DEA") (collectively, "law enforcement") into cocaine and crack trafficking activities between 2000 and 2014 of a drug trafficking organization ("DTO") based primarily in the North Carolina cities of Godwin and Dunn.

On May 27, 2015, a grand jury returned an indictment charging Antoine Dewayne Myles ("defendant") and eighteen co-defendants with multiple counts. Defendant is charged with conspiracy to manufacture, distribute, dispense and possess with intent to distribute more than five kilograms or more of cocaine and 280 grams or more of cocaine base (crack), 21 U.S.C. § 846 (count one), intent to distribute a quantity of cocaine, *id.* § 841(a)(1) (count four); conspiracy to commit money laundering, 18 U.S.C. § 1956(h) (count five); five counts of concealment of money laundering, *id.* § 1956(a)(1)(B)(i) (counts 8, 23, 26, 30-31); two counts of

promotion of money laundering, *id.* § 1956(a)(l)(A)(i) (counts 32-33); and one count of transactional money laundering and aiding and abetting money laundering, *id.* §§ 2, 1957.

## DISCUSSION

Defendant seeks to prohibit the government from introducing statements made by each of Sophia Myles, Harry Myles, Sr., Cleveland Myles, Ronald Pegues and Lemont Webb, claiming that it is "unlikely that they will be called to testify during the government's case in chief and will, therefore, not be available for cross-examination by [defendant.]" [DE 392, pg. 2]. Pursuant to U.S. Const., amend. VI, *Bruton v. United States*, 391 U.S. 123 (1968), and *Crawford v. Washington*, 541 U.S. 36 (2004), defendant contends that such statements are testimonial and therefore inadmissible unless subject to cross-examination by defendant.

The government opposes the motion, arguing that it is not ripe for ruling. The Court agrees. Defendant and the remaining co-defendants in this case have yet to be arraigned. The government avers that it is continuing to negotiate with each of the remaining defendants in this matter and cannot make any representation to the Court about whether or not any of the remaining defendants will proceed to trial and be unavailable to testify as a result of that choice. As a result, the Court finds that this motion would be more properly revisited by defendant and the government closer to the date of the trial and once an actual determination of the evidence and witnesses to be used at trial has been made.

## CONCLUSION

In light of the foregoing, defendant's motion in limine [DE 392] is DENIED.

SO ORDERED, this _17_ day of February, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2