IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-172-2-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANTOINE DEWAYNE MYLES ) | |

This cause comes before the Court on motions in limine filed by defendant Antoine Myles. The government has responded to the motions and the matters are ripe for ruling. For the following reasons, the motions in limine are denied.

## BACKGROUND

An indictment charging Mr. Myles, and others, with drug conspiracy, possession with intent to distribute cocaine, money laundering conspiracy, and multiple substantive money laundering offenses was filed on May 27, 2015. [DE 1]. On April 26, 2016, the Court, Fox, J. presiding, denied Mr. Myles' motion to suppress intercepted Title III communications. [DE 449]. This case was reassigned to the undersigned on January 25, 2017. A second superseding indictment was filed on February 7, 2018, again charging Mr. Myles with conspiracy and substantive drug and money laundering offenses. [DE 977]. A jury trial is set to commence in this matter on Monday, March 5, 2018, at Elizabeth City, North Carolina. Mr. Myles filed the instant motions seeking to prohibit the introduction of intercepted Title III communications and to prohibit evidence of plea discussions in a letter written by Mr. Myles to an Assistant United States Attorney.

## DISCUSSION

The motion in limine to prohibit introduction of intercepted Title III communications is denied. In his motion, Mr. Myles respectfully renews his request that the Court suppress the Title III communications and any evidence derived therefrom on the ground that the Court erroneously denied his motion to suppress. Accordingly, the motion in limine is more properly denominated as a motion for reconsideration. Mr. Myles has made no new arguments nor has he presented any new evidence which would support reconsideration of the Court's prior order. The motion is denied.

The motion is limine to prevent introduction of plea discussions is denied as moot as the government in its response has stated that it does not intend to present this evidence at trial.

## CONCLUSION

For the foregoing reasons, defendant's motion in limine to prohibit introduction of intercepted communications [DE 995] is DENIED and defendant's motion in limine to prohibit evidence of plea discussions [DE 996] is also DENIED.

SO ORDERED, this __1__ day of March, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE