IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-172-BO-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANTOINE DEWAYNE MYLES, | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's four motions: motion for judgment of acquittal [DE 1104], motion for discovery [DE 1104-1], motion for transcripts [DE 1104-2] and motion for reconsideration of his motion for judgment of acquittal [DE 1110]. For the following reasons, defendant's motions are denied.

Following a jury trial, defendant was found guilty of the five counts charged in his second superseding indictment: conspiracy to distribute, and possess with intent to distribute, five kilograms or more of cocaine and 280 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846, § 841(a)(1) and § 841(a)(1); possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C); possession with intent to distribute a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C); conspiracy to commit money laundering by concealment, in violation of 18 U.S.C. § 1956(a)(1) and § 1956(h); and money laundering, in violation of 18 U.S.C. § 1957 and § 1957(b)(1).

At a hearing before the undersigned on May 30, 2018, defendant moved to proceed *pro se*. The Court granted that motion by written order on June 1, 2018. Defendant then filed the motions at issue here.

First, defendant has moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, as well as for reconsideration of that motion. A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *United States v. Mayberry*, 341 Fed. Appx. 859, 861 (4th Cir. 2009) (quoting *Glasser v. United States*, 315 U.S. 60 (1942)); *See also United States v. Martin*, 523 F.3d 281, 284 (4th Cir. 2008). Defendant has now moved for relief under Rule 29 five times—upon conclusion of the government's case at trial, after defendant rested, at the hearing on May 30, and with these two motions. Given the evidence presented to the jury at the trial of this matter it is apparent to this Court that the jury's verdict was supported by substantial evidence. The Court denies defendant's motions.

Next, defendant has moved for discovery. The Court entered a protective order in this case [DE 705] because of witness security concerns. A *pro se* defendant's right of access to materials is balanced against legitimate security concerns, which can be implicated by a defendant having discovery materials in a detention facility. *United States v. Galloway*, 749 F.3d 238, 242 (4th Cir. 2012). Here, not only are there general concerns with discovery in detention facilities, *id.*, but defendant's own behavior shows that granting his motion would cause significant security risks. [DE 683 at 2]. To challenge a discovery ruling, defendant must show he would be prejudiced. He is not, for three reasons. First, each of defendant's attorneys was provided full discovery, which they used to represent him, including during his jury trial. Second, the government has represented it intends to rely on testimony from defendant's jury trial, which he was present for, to support his base offense level calculation and any enhancements. Third, the government has represented that it will make copies of written

discovery material available to defendant for review immediately prior to and during defendant's sentencing. [DE 1109 at 8].

Finally, defendant has moved for the transcripts from his trial pursuant to Rule 55 of the Federal Rules of Criminal Procedure. Rule 55 requires the clerk of the district court to keep records of criminal proceedings, but has nothing to do with providing free transcripts to defendants. Free transcripts are provided to *pro se* defendants pursuing appeals or § 2255 motions in accordance with 28 U.S.C. § 753(f), but defendant here is doing neither. Regardless, "an indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Defendant only states in his motion that he wishes to assert his constitutional rights and file motions on his behalf. [DE 1104-2 at 2]. He has not demonstrated a need, and so his motion is denied.

For the above reasons, defendant's motions [DE 1104, 1104-1, 1104-2, 1110] are DENIED.

SO ORDERED, this __15__ day of June, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE