IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-172-BO-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANTOINE DEWAYNE MYLES, | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's for judgment of acquittal or in the alternative for new trial. The government has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, defendant's motion is denied.

## BACKGROUND

Following a jury trial, defendant was found guilty of the five counts charged in his second superseding indictment: conspiracy to distribute, and possess with intent to distribute, five kilograms or more of cocaine and 280 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846, § 841(a)(1) and § 841(a)(1); possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C); possession with intent to distribute a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C); conspiracy to commit money laundering by concealment, in violation of 18 U.S.C. § 1956(a)(1) and § 1956(h); and money laundering, in violation of 18 U.S.C. § 1957 and § 1957(b)(1) Defendant appealed his conviction and sentence, and the court of appeals affirmed defendant's conviction but vacated his sentence and remanded the matter for resentencing. [DE 1193].

Prior to his resentencing, defendant , who proceeds *pro se*, filed the instant motion seeking relief under Rules 29 and 33 of the Federal Rules of Criminal Procedure. Defendant argues that the Court's allowance of the use of Title III wire intercepted communications was a miscarriage of justice; that this matter is fraught with *Brady* violations; that the Court erred in denying defendant his right to represent himself; that his rights were violated by not being permitted to access discovery in his case after the verdict; that the jury's finding of guilt was a miscarriage of justice because the co-defendant and law enforcement testimony implicating defendant was patently incredible; and that the second superseding indictment amounted to fraud upon the Court, is fatally broad, and stems from prosecutorial misconduct. Defendant contends that letting the jury's verdict stand would result in a miscarriage of justice and that new evidence has come to light which establishes perjury by government witnesses.

I.      Rule 29 motion for judgment of acquittal.

A post-verdict Rule 29 motion must be filed within fourteen days of the jury's verdict or the discharge of the jury, whichever is later. Fed. R. Crim. P. 29(c)(1). When considering a motion under Rule 29, a jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *United States v. Mayberry*, 341 Fed. Appx. 859, 861 (4th Cir. 2009) (quoting *Glasser v. United States*, 315 U.S. 60 (1942)).

The government opposes the Rule 29 motion as untimely and alternatively because the jury's verdict is supported by substantial evidence. The Court agrees. This is defendant's sixth motion for judgment of acquittal pursuant to Rule 29. The jury was discharged and its verdict was filed on March 7, 2018, and entered on the Court's docket on March 8, 2018. Defendant's Rule 29 motion is plainly untimely. Moreover, the court of appeals has reviewed the jury trial and found no reversible trial error. [DE 1193]. Defendant's Rule 29 motion is untimely and, as

this Court has previously held, substantial evidence supported the jury's verdict. The request for judgment of acquittal under Rule 29 is denied.

II.     Rule 33 motion for new trial.

Defendant also seeks a new trial under Fed. R. Crim. P. 33, which permits a new trial when it would be in the interest of justice. "The decision to grant or deny a motion for new trial is within the broad discretion of the district court." *United States v. Tucker*, 376 F.3d 236, 238 (4th Cir. 2004). But this mechanism should be exercised sparingly and used only when the evidence weighs heavily against the verdict. *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018); *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003). When a Rule 33 motion is based upon newly discovered evidence, it must be filed within three years after the verdict. When it is based upon any other grounds, it must be filed within fourteen days of the verdict. Fed. R. Crim. P. 33(b).

The government argues that the Rule 33 motion is untimely and that the interest of justice does not support a new trial. The Court again agrees. Defendant contends that his motion is based upon newly discovered evidence, and that it is therefore timely under Fed. R. Crim. P. 33(b)(1) because it was filed within three years of the verdict. To demonstrate that a new trial is warranted based upon newly discovered evidence, "a defendant must satisfy a five-part test by showing that (1) the evidence is newly discovered; (2) the defendant exercised due diligence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in acquittal at a new trial." *United States v. Moore*, 709 F.3d 287, 292 (4th Cir. 2013).

In support of his motion for new trial, defendant relies primarily on the testimony of witnesses at trial, which he contends was rife with perjury, but this is not new evidence unless

defendant can show that the discovery of the alleged perjury came to light after the trial. *United States v. Robinson*, 627 F.3d 941, 948 (4th Cir. 2010). The Court cannot discern from defendant's filing any testimony which he contends amounts to newly discovered perjury which only became known after the trial. Therefore, the timeliness of his motion must be considered under Fed. R. Crim. P. 33(b)(2), and it is plainly untimely. Additionally, as discussed above, the court of appeals has reviewed the trial in this matter and determined that no error occurred. Accordingly, it is not in the interest of justice to permit a new trial.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment of acquittal or new trial [DE 1204] is DENIED. This matter will be set for resentencing pursuant to the mandate of the court of appeals during the Court's September 2020 term.

SO ORDERED, this 30 day of July, 2020.

Terrence Boyle

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE