IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:15-CR-00172-M-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ANTOINE DEWAYNE MYLES, ) | |
| Defendant. ) | |

This matter is before the court on pro se Defendant's motions to reopen his earlier motion for acquittal, new trial, and evidentiary hearing [DE-1257 & DE-1260]. The Government responded in opposition [DE-1275] and the motions are now ripe for ruling. For the reasons stated below the motions are DENIED.

The facts of this case have been summarized repeatedly—including by the Fourth Circuit, when the Defendant's conviction was affirmed but his sentence vacated and remanded to this court for resentencing—and will not be repeated here. *United States v. Myles*, 805 F. App'x 184, 185-86 (4th Cir. 2020).

A criminal defendant who elects to represent himself must comply with both procedural rules and substantive law. *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"). At a most basic level, a party applying to the court for an order must state the grounds on which such

a request is based. Fed. R. Crim. P. 47(b) ("A motion must state the grounds on which it is based and the relief or order sought.").

Pro se petitions are to be given a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 ("[T]he allegations of the pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers."); *see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (discussing the solicitude afforded to civil rights plaintiff appearing pro se). However, it is not the role of the court to assume the position of stand-in counsel for a pro se criminal defendant who has clearly, unequivocally, knowingly, intelligently, and voluntary waived his right to counsel. Neither is it the role of the court to make assumptions or read between the lines of sparse, factually, and legally insufficient motions. This court granted the Defendant's request to proceed pro se. *See* Orders at DE-1100, 1101, and 1199.

Defendant seeks relief pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure.[1] The primary arguments in support of his motions are that (1) new evidence has come to light which calls into question the veracity of testimony by various members of the Cumberland County Sheriff's Office and (2) co-defendant Carlos Carmelo, one of five cooperating co-defendants who testified against the Defendant at trial, "watched people tell lies and say [things] just to free themselves instead of owning up . . . ," C. Carmelo Letter, DE-1260-1 at 2.

A post-verdict Rule 29 motion must be filed within fourteen days of the jury's verdict or the discharge of the jury, whichever is later. Fed. R. Crim. P. 29(c)(l). When considering a motion under Rule 29, a jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *United States v. Mayberry,* 341 F. App'x. 859, 861 (4th Cir. 2009) (quoting *Glasser v. United States,* 315 U.S. 60 (1942)).

---

[1] Defendant's arguments pursuant to the Federal Rules of *Civil* Procedure will not be addressed.

The Government opposes the Rule 29 motion as untimely and alternatively because the jury's verdict is supported by substantial evidence. The court agrees. By the court's count the present motions for acquittal and new trial are defendant's eighth and ninth such motions. The jury was discharged and its verdict filed on March 7, 2018, and entered on the court's docket on March 8, 2018. Defendant's Rule 29 motion is plainly untimely. This court has previously held, most recently at Docket Entry 1241, that substantial evidence supported the jury's verdict. Moreover, the Fourth Circuit has reviewed the jury trial and found no reversible trial error. *Myles*, 805 F. App'x at 185, n.1. The request for judgment of acquittal under Rule 29 is therefore denied.

Defendant also seeks a new trial under Rule 33, which permits a new trial when it would be in the interest of justice. Fed. Rule Crim. P. 33(a). "The decision to grant or deny a motion for new trial is within the broad discretion of the district court." *United States v. Tucker*, 376 F.3d 236, 238 (4th Cir. 2004). But this mechanism should be exercised sparingly and used only when the evidence weighs heavily against the verdict. *See, e.g.*, *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018). When a Rule 33 motion is based upon newly discovered evidence, it must be filed within three years after the verdict; when based upon any other grounds, it must be filed within fourteen days of the verdict. Fed. R. Crim. P. 33(b).

Defendant asserts that his motions are based upon newly discovered evidence. First, he has alleged that members of the Cumberland County Sheriff's Office may have planted evidence and falsified statements in the July 2018 drug bust of the in-home day care center of Reshod Everett,[2] but has offered no evidence of the same. He argues that the allegation calls into question the tactics

---

[2] Everett was federally indicted on related charges in July 2020. His case is currently pending before Judge Dever and he is scheduled for arraignment in February 2021. See Indictment, Case No. 5:20-CR-00333-D (July 8, 2020), DE-1; Order (Nov. 2, 2020), DE-63.

3

used and the veracity of testimony by various members of the Cumberland County Sheriff's Office in his own case.

Second, that co-defendant Carlos Carmelo, one of five cooperating co-defendants who testified against the Defendant at trial, "watched people tell lies." C. Carmelo Letter, DE-1260-1 at 2. The Government responded that Defendant's contentions do not qualify as newly discovered evidence and thus that the Defendant's Rule 33 motion is untimely and furthermore that the interest of justice does not support a new trial.

To demonstrate that a new trial is warranted based upon newly discovered evidence, "a defendant must satisfy a five-part test by showing that (1) the evidence is newly discovered; (2) the defendant exercised due diligence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in acquittal at a new trial." *United States v. Moore,* 709 F.3d 287, 292 (4th Cir. 2013). The Defendant has failed to address the substance of these factors let alone explain why mere allegations of police misconduct should be construed by this court as "newly discovered evidence." Furthermore, the generalized statement from a letter written by a co-defendant—who testified against the Defendant at trial, see DE-1275 at 4-5—that the co-defendant "watched people tell lies and say [things] just to free themselves instead of owning up . . . " lacks context and does not constitute material evidence warranting a new trial. The Defendant's motions are both factually and legally insufficient and though liberally construed, provide no valid basis for granting them. Additionally, as discussed above, after a "careful review of the[] issues and the record, [the Fourth Circuit] f[ound] no reversible trial error." *Myles*, 805 F. App'x at 185, n.1. Accordingly, the court in its discretion finds that it is not in the interest of justice to permit a new trial.

4

For the foregoing reasons, Defendant's motions [DE-1257 & DE-1260] are DENIED. This matter is set for resentencing during the court's February 16, 2021 term of court.

SO ORDERED this the 8th day of December, 2020.

*Richard E Myers II*
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE