IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:15-cr-00172-M-2
Case No. 5:23-cv-00302-M

| | |
|---|---|
| ANTOINE DEWAYNE MYLES, | |
| Petitioner, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the court on the United States' Motion to Dismiss Petitioner's 28 U.S.C. § 2255 petition. [DE 1382]. After careful review of all submitted materials, the court finds that the record conclusively shows that Petitioner is not entitled to relief. Therefore, no hearing is necessary pursuant to § 2255(b). For reasons contained herein, the United States' motion is granted, and the § 2255 petition [DE 1373] is denied.

## I. Background and Procedural History

On March 7, 2018, following a jury trial, Petitioner was found guilty of (1) conspiracy to distribute and possess with the intent to distribute five (5) kilograms or more of cocaine and 280 grams or more of cocaine base (crack); (2) possession with the intent to distribute a quantity of cocaine; (3) possession with the intent to distribute cocaine base (crack); (4) conspiracy to commit money laundering by concealment; and (5) money laundering. [DE 1015]. On June 20, 2018, United States District Judge Terrance W. Boyle sentenced Petitioner to life imprisonment. [DE 1126]. Following a partial vacatur by the Fourth Circuit upon appeal, the undersigned re-sentenced Petitioner to a total term of imprisonment of 360 months. [DE 1343]. Petitioner appealed the

amended judgment, arguing that the court erred in declining to vary downward on account of the Sentencing Guideline's disparate treatment of crack and powder cocaine offenses.[1] *See United States v. Myles*, No. 21-4420, 2022 WL 2914009, at *1 (4th Cir. 2022). The Fourth Circuit held that the undersigned properly considered and rejected Petitioner's disparity arguments, so it affirmed. *Id.*

On May 31, 2023, Petitioner filed a § 2255 petition to set aside his sentence, arguing that he suffered from ineffective assistance of counsel. [DE 1373] at 9. Specifically, he contends that his counsels' representation fell below an objective standard of reasonableness because they failed to (1) move to suppress certain wire taps; (2) move to dismiss the Second Superseding Indictment; (3) effectively cross-examine witnesses; (4) object to the testimony of Petitioner's co-conspirators and other government witnesses; (5) interview witnesses identified by Petitioner; (6) object when the court questioned various witnesses at trial; (7) raise certain issues on appeal, as directed by Petitioner; (8) file a proper brief on appeal; and (9) object when the court declined to allow Petitioner to represent himself. [DE 1373-1] at 2–4. In his attached memorandum, Petitioner raises three additional bases for relief. He argues that the court denied him due process by (1) declining to consider his request for a downward variance based on the disparate treatment between crack and powder cocaine offenses; (2) not permitting him to represent himself; and (3) showing bias in favor of the United States. *Id.* 6–7.

On July 6, 2023, the United States filed the pending Motion to Dismiss. [DE 1382]. Petitioner has filed responses in opposition. [DE 1389–390]. The matter is now ripe for review.

---

[1] The court notes that the amended judgment already reflected a downward variant sentence from life imprisonment. *See* [DE 1344].

## II. Legal Standards

"A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court 'to vacate, set aside, or correct his sentence' pursuant to 28 U.S.C. § 2255." *Umar v. United States*, 161 F.Supp.3d 366, 373 (E.D. Va. 2015) (quoting § 2255(a)). Such relief is appropriate if the court finds that

> the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). The petitioner has the burden "to establish by a preponderance of the evidence" the purported basis for relief. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The Government may respond to a Section 2255 petition by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"). In such proceedings, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). However, the scope of a court's review for a motion to dismiss a habeas petition is broader than the typical civil context because the court may also consider the record from the petitioner's underlying conviction and any exhibits attached to the petition. *See id.* at 139; *McCollough v. Bragg*, No. 5:20-CV-138, 2021 WL 236079, at *3 (D.S.C. Jan. 25, 2021); 28 U.S.C. § 2255(b) (instructing court to review "the files and records of the case").

Considering all such materials in tandem, to survive a motion to dismiss, a § 2255 petition must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). A claim for relief is plausible when it contains factual content that "allows the court to draw the reasonable inference" that the petitioner is entitled to the relief requested. *Id.* at 664. In other words, the well-pleaded allegations must "be enough to raise a right to relief above a speculative level.," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 at 556. As such, a speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 194 (4th Cir. 2009) (recognizing that "naked assertions of wrongdoing necessitates some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief") (cleaned up).

## III. Discussion

Petitioner's claims fall into three categories: (1) those concerning ineffective assistance of counsel; (2) those already litigated before the Fourth Circuit; and (3) those remaining claims not previously raised on appeal. The court considers each category in turn.

Petitioner's ineffective assistance theories do not contain sufficient factual allegations to state a claim for relief. The Sixth Amendment to the United States Constitution provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The United States Supreme Court has interpreted this provision as requiring "the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A defendant's right to the effective assistance of counsel is violated when (1) counsel's performance fell below an objective standard of reasonableness, as measured by "prevailing professional

4

norms", and (2) the defendant suffered prejudice as a result. *Id.* at 687–88. Judicial review of counsel's performance is "highly deferential," and courts "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). Prejudice is demonstrated by showing a "reasonable probability" that but for counsel's deficient performance, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Here, Petitioner's claims concerning his counsels' representation are vague and conclusory. Indeed, Petitioner raised these issues in the first few pages of his pro se memorandum, offering a one-to-two sentence summary for each, but in the remainder of his brief, he does not address these arguments again. *See* [DE 1373-1] at 5–27. Without further "factual enhancement," Petitioner has merely identified actions taken (or not taken) by his attorneys, expressed his dissatisfaction with them, and offered that the outcome of his trial and appeal would have been different but for the identified deficiencies. *See Francis*, 588 F.3d at 194. From such sparce allegations, the court cannot determine whether there is a "reasonable probability" that effective counsel would have made a different choices or that any error was such that it likely would have changed the outcome of a proceeding. *See Strickland*, 466 U.S. at 687–88. Therefore, Petitioner's claims concerning ineffective assistance of counsel are dismissed for failure to state a claim.

The court likewise dismisses Petitioner's claim that the court erred in declining to consider a downward variance based on the disparate treatment of crack and powder cocaine offenses. Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Lentz*, 524 F.3d 501, 528 (4th Cir. 2008) (internal quotations omitted). Here, the Fourth Circuit has

5

previously held that the undersigned "considered the argument to apply a one-to-one ratio of crack to powder cocaine, rejected the argument, acknowledged its authority to downwardly vary from the Guidelines range of life imprisonment to temper the ratio established by Congress, and provided a thorough explanation for the chosen 360-month sentence." *Myles*, 2022 WL 2914009, at *1. Accordingly, Petitioner may not now re-litigate the issue and rely on the court's already-affirmed ruling as a basis on which to vacate his sentence. *See Lentz*, 524 F.3d at 528. This claim is dismissed.

Petitioner's final claims concern the court's alleged bias and its decision not to allow him to represent himself. *See* [DE 1373-1] at 6–7. The court finds that these claims have procedurally defaulted. "[T]he doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised on direct appeals." *Umar*, 161 F.Supp.3d at 374. However, this may be excused in two narrow circumstances: where the petitioner can establish (1) "that he is actually innocent" or (2) "cause for the default and prejudice resulting therefrom." *United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Petitioner has not pled facts sufficient to benefit from either exception. In neither of his filings does Petitioner allege that he is factually innocent. *See* [DE 1373-1, 1389]. And concerning cause, Petitioner does not directly address the issue, but the court construes the following passage from his memorandum as relevant to its disposition:

> The Government position overlooks the fact that with Prisoners Locked Down[,] Prisoners struggle to get their medical records and the necessary documents for exhaustion of remedies. Inmates are locked in their cells 23 hours, relying on in-person, confidential meetings with staff (i.e., counselors, case managers, unit officers, or lawyers) is extremely difficult, although not impossible. The law library is closed, no copy machines are available to make duplicate copies, the commissary is often closed, thus making stamp purchase impossible, and untimely mailing services, all of these circumstances making the exhaustion of Administrative Remedies nearly impossible.

6

[DE 1389] at 5–6. Notably, "the existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). As such, "[a] petitioner cannot establish cause when the facts underlying the claim were in existence and were available upon a reasonably diligent search." *United States v. Pettiford*, 612 F.3d 270, 281 (4th Cir. 2010) (citing *Rose v. Lee*, 252 F.3d 676, 687 (4th Cir. 2001)). Here, the factual underpinnings for the remaining claims—i.e., the court's decision not to allow Petitioner to proceed pro se and any alleged bias by the court, as evidenced by its rulings at trial—were knowable by Petitioner at the time he filed his appeal. Any difficulty occasioned by the BOP's internal procedures would not have impacted his attorney—through whom he litigated his first appeal—so they do not now excuse Petitioner's procedural default. Petitioner's remaining claims are dismissed.

The court finds that reasonable jurists would not find the court's treatment of any of Petitioner's claims debatable or erroneous, and none of the issues are adequate to deserve encouragement to proceed further. *Buck v. Davis*, 580 U.S. 100, 122 (2017); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

## IV. Conclusion

For the aforementioned reasons, the United States' Motion to Dismiss [DE 1382] is GRANTED and Petitioner's § 2255 petition [DE 1373] is DENIED.

SO ORDERED this 16th day of April, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

7